**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00025-MR-8**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> ) </br> vs. ) </br> ) </br> ) </br> ERNEST RICHARD PARKER. ) </br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Revoke or Modify Restitution Order" [Doc. 343].

**I.     PROCEDURAL BACKGROUND**

On April 7, 2009, the Defendant was charged along with eleven co-defendants with conspiracy to possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.  [Doc. 3].  The Defendant later pled guilty to this charge pursuant to a written plea agreement.  [Doc. 127].  Pursuant to the terms of this written plea agreement, the Defendant agreed "to pay full restitution, regardless of the resulting loss amount" to "all victims directly or indirectly harmed by the defendant's 'relevant conduct'…."  [Id. at 2 ¶7].

On May 21, 2010, the Defendant was sentenced to 151 months' imprisonment and ordered to pay $5,806.00 in restitution to the Drug Enforcement Administration for the cost of cleaning up the site used by the Defendant during the conspiracy for the manufacture of methamphetamine. [Doc. 308 at 5]. In the Judgment, the Court gave notice that other defendants "may be held jointly and severally liable for payment of all or part of the restitution ordered herein . . . ." [Id. at 6].

The Defendant did not appeal the Court's Judgment. Instead, nearly three years later, the Defendant moves the Court to revoke or modify the restitution order set forth in the Judgment. Specifically, he argues that "it is unfair and unjust [for] him alone to be satisfying the restitution portion of the sentence . . . ." [Doc. 343 at 2]. He asks the Court to modify the restitution order so that he is directly responsible for only 50% of the stated amount or, alternatively, that his payment recommence upon his release from prison. [Id. at 2-3].

## II. ANALYSIS

The Court "cannot remit a mandatorily imposed restitution order." United States v. Roper, 462 F.3d 336, 339 (4th Cir. 2006); United States v. Wood, No. 5:05-CR-4402BO, 2013 WL 1222685, at *1 (E.D.N.C. Mar. 25, 2013) ("District courts may relax the restitution payment scheduled and

may apportion restitution among co-defendants at the time of sentencing, but once judgment has been entered against the defendant the Court may not modify or cancel the total amount of restitution."). Moreover, the Defendant waived the right to challenge the restitution order in his plea agreement. See Doc. 127 at 5 ¶19 ("Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel and/or (2) prosecutorial misconduct.").

To the extent that the Defendant requests a modification of the payment schedule, this request also must be denied. The Court may adjust a defendant's payment schedule upon receipt of notification that there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). No such "material change" has been identified here.

For these reasons, the Defendant's request to revoke or modify the restitution order is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Revoke or Modify Restitution Order" [Doc. 343] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 3, 2013

Martin Reidinger
United States District Judge